# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MMIC INSURANCE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRAWFORD COUNTY MEMORIAL HOSPITAL, WILLIAM BRUCH, in both his individual and official capacities, and KARL J. HASIK, M.D., <br><br> Defendants/Counterclaimants, <br><br> vs. <br><br> MMIC INSURANCE, INC., <br><br> Counterdefendant. | No. C 14-4094-MWB <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF AND COUNTERDEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COUNTERCLAIM** |

_____

This case is before me on the February 24, 2015, Partial Motion To Dismiss Defendants' Counterclaim (docket no. 13) by plaintiff and counterdefendant MMIC Insurance, Inc. (MMIC). On March 17, 2015, the defendants and counterclaimants filed both a First Amended Answer, Affirmative Defenses, Counterclaim, And Jury Demand (docket no. 17), as a matter of course pursuant to Rule 15(a)(1)(B), and their Resistance To Plaintiff MMIC's Partial Motion To Dismiss (docket no. 18), in which they argued, *inter alia*, that their Amended Counterclaims cured all perceived defects in their original Counterclaim (docket no. 8). In its Reply (docket no. 19), MMIC asserts that, in light of the new claims and theories and the expanded factual allegations in the Amended Counterclaim, it would be inequitable to require it to respond in the five pages permitted in a reply memorandum pursuant to local rules. Consequently, MMIC requests that the

court "deem its partial motion to dismiss defendants' original Counterclaim to be withdrawn as moot," and MMIC reserves the right to respond to the Amended Counterclaim as permitted under the Federal Rules of Civil Procedure.

I agree that the Amended Counterclaim has changed the nature of the issues relevant to the Partial Motion To Dismiss so substantially that the Partial Motion To Dismiss should be denied as moot. I also agree that such dismissal should be without prejudice to any response permitted by the Federal Rules of Civil Procedure that MMIC chooses to make to the Amended Counterclaim.

THEREFORE, MMIC's February 24, 2015, Partial Motion To Dismiss Defendants' Counterclaims (docket no. 13) is **denied as moot,** *without prejudice* to any response permitted by the Federal Rules of Civil Procedure that MMIC chooses to make to the Amended Counterclaim.

**IT IS SO ORDERED**.

**DATED** this 26th day of March, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA